**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VERONIKA CALLIRGOS, | Civil Action No.: _____ |
| Plaintiff, | |
| vs. | COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT |
| ENHANCED RECOVERY COMPANY, | |
| Defendant. | |
| | <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Veronika Calligros ("Plaintiff") brings this action on an individual basis, and asserts claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") seeking statutory and other damages against defendant Enhanced Recovery Company ("ERC"), alleging, upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1.      Defendant ERC has been furnishing inaccurate information concerning an alleged debt collection account to non-defendants Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("TransUnion"), who, in turn, reported the information to numerous credit companies and persons.

2.      Plaintiff disputed the reported debt in writing to Experian and TransUnion, which triggered Experian's and TransUnion's statutory obligation to notify ERC of Plaintiff's dispute.

3.      Despite such notice, ERC failed to communicate that the disputed debt was disputed, in dereliction of its duties under the FDCPA.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692 *et seq*.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, and, because the defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District, the defendant is subject to personal jurisdiction in this District.

## PARTIES

**Plaintiff**

6.      Plaintiff is a resident of Passaic County, New Jersey, and qualifies as a "consumer" as defined and protected by FDCPA.  *See* 15 U.S.C. § 1692(a)(3).  Plaintiff is an individual, and not an entity.

**Defendant**

7.      Defendant ERC is a debt collection agency that uses the mail, telephone, and facsimile, and regularly engages in business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant ERC is a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

## SUBSTANTIVE ALLEGATIONS

8.      Defendant ERC furnished inaccurate balance information concerning a purported collection account to non-defendants Experian and TransUnion. Experian and TransUnion then sold consumer background reports (also known as credit reports) related to Plaintiff containing the inaccurate information to numerous credit companies and persons.

2

9.      The purported debt related to the purported ERC collection account was originally issued by non-defendant SPRINT and acquired by ERC.  The purported debt underlying the disputed collection account arose out of a transaction in which money, property, insurance or services, which were the subject of the originating transaction, were primarily for personal, family or household purposes, and is "debt" as defined by 15 U.S.C. § 1692a(5).

10.     Plaintiff disputed the reported debt underlying the purported ERC collection account in writing through the channels established by Experian and TransUnion for disputing consumer credit information. Both Experian and TransUnion, in turn, and as required by statute, notified ERC of Plaintiff's dispute.   Nevertheless, ERC continued to report the disputed information without marking the account as disputed or updating the account as necessary.

11.     Plaintiff brings this action to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of ERC's misconduct.  ERC's erroneous reporting of disputed information without marking such information as disputed or updating the account as necessary on Plaintiff's consumer background reports continues to affect Plaintiff's credit worthiness and credit score.  As a result of ERC's misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

12.     Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION

## COUNT I

### Against ERC for Violation of the FDCPA, 15 U.S.C. § 1692(e)

13.     Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

14.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

15.     Under 15 U.S.C. § 1692e, *inter alia*:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*       \*       \*

(8)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.

(Emphasis added).

16.     ERC received notice from Experian and TransUnion that Plaintiff disputed the inaccurate account balance information reported on the disputed account, as required by statute. *See* 15 U.S.C. §1681i(a)(2).  After receiving notice of Plaintiff's dispute from both Experian and TransUnion, ERC willfully, or at least negligently, failed to mark the disputed account as disputed on Plaintiff's reports issued by Experian and TransUnion and continued to communicate the inaccurate information.

17.     Plaintiff has suffered damages as a result of defendant ERC's misconduct, including, but not limited to, emotional stress, and is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i.      awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

ii.     awarding attorneys' fees and costs, and other relief; and

iii.    awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  October 7, 2020                    **COHEN & MIZRAHI LLP**


_____
                    */s/ Edward Y. Kroub*
                    EDWARD Y. KROUB

EDWARD Y. KROUB
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
edward@cml.legal

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not related to any other action, pending arbitration or administrative proceeding currently pending in any court.

I hereby certify that the following statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED:  October 7, 2020                    **COHEN & MIZRAHI LLP**


                                                    */s/ Edward Y. Kroub*
                                                    EDWARD Y. KROUB

                                           **COHEN & MIZRAHI LLP**
                                           Edward Y. Kroub, Esq.
                                           300 Cadman Plaza West, 12th Floor
                                           Brooklyn, New York 11201
                                           Phone: (929) 575-4175
                                           edward@cml.legal

                                           *Attorneys for Plaintiff*